# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-41161-399 |
| | ) | Judge Barry S. Schermer |
| SAMUEL F. SORBELLO, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **TRUSTEE'S MOTION FOR** |
| | ) | **EXTENSION OF TIME FOR FILING** |
| | ) | **OBJECTION TO DISCHARGE** |
| | ) | **AND/OR COMPLAINT TO** |
| | ) | **DETERMINE DISCHARGEABILITY** |
| | ) | **OF DEBT AND/OR MOTION TO** |
| | ) | **DISMISS CASE** |
| | ) | |
| | ) | **Hearing Date:  N/A** |
| | ) | **Hearing Time:  N/A** |
| | ) | **Motion No. _** |
| | ) | |
| | ) | Janice R. Valdez |
| | ) | EDMO #42154MO, MO #42154 |
| | ) | Stone, Leyton & Gershman |
| | ) | A Professional Corporation |
| | ) | 7733 Forsyth Boulevard, Suite 500 |
| | ) | St. Louis, Missouri  63105 |
| | ) | (314) 721-7011 |
| | ) | (314) 721-8660 Facsimile |
| | ) | jrv@stoneleyton.com |

Chapter 7 Trustee, E. Rebecca Case ("Trustee Case") pursuant to Rule 4004 of the Federal Rules of Bankruptcy Procedure hereby files Trustee's Motion for Extension of Time for Filing an Objection to Discharge and/or Complaint to Determine Dischargeability and/or Motion to Dismiss Case. In support of this Motion, Trustee Case states as follows:

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§151, 157, and 1334, and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.

2. Debtor Samuel F. Sorbello ("Debtor") filed a Chapter 7 Petition for Relief on February 24, 2015.

3. The original notice to creditors in this matter set May 19, 2015 as the deadline for filing Objections to Discharge and/or Complaints to Determine Dischargeability.

4. On April 15, 2015, Debtor filed a Motion to Convert Case to Chapter 13.

5. On April 24, 2015, the Court entered its Order converting the Chapter 7 case to Chapter 13.

6. The notice to creditors in the Chapter 13 case set July 17, 2015 as the deadline for filing Objections to Discharge and/or Complaints to Determine Dischargeability.

7. On June 15, 2015, the Court entered its Order Reconverting the Chapter 13 case back to Chapter 7.

8. The notice to creditors in the re-converted Chapter 7 case set November 23, 2015 as the deadline for filing Objections to Discharge and/or Complaints to Determine Dischargeability.

9. On February 24, 2015, Debtor filed Schedule A - Real Property and listed 9742 Highway 21, Hillsboro, Missouri ("9742 Highway 21") with a value of $85,000.00.

10. On February 24, 2015, Debtor filed Schedule B - Personal Property and listed a 1998 Nissan Frontier with a value of $1,500.00.

11. At the initial Meeting of Creditors held on March 20, 2015, Debtor testified that he also has an interest in two additional tracts of real estate located at (1) 5102 Hillsboro Hematite Road, De Soto, Missouri ("5102 Hillsboro Hematite Road"), and (2) 12977 Hencher Road, De Soto, Missouri ("12977 Hencher Road"), and that he owns four additional vehicles.

12. At the March 20, 2015, Meeting of Creditors Trustee Case requested documents from the Debtor regarding real property and vehicles as well as a copy of Debtor's 2014 income tax returns.

13. On April 15, 2015, instead of turning over the documents to Trustee Case, Debtor filed a Motion to Convert Case to Chapter 13.

14. On April 15, 2015, Debtor filed an amended Schedule A listing the two additional tracts of real estate: (1) 5102 Hillsboro Hematite Road with a value of $21,700.00 and (2) 12977 Hencher Road jointly owned with his sister Mary Talati with a value of $4,900.00. Debtor failed to amend Schedule B to list additional vehicles.

15. On April 24, 2015, the Court entered its Order converting the Chapter 7 case to Chapter 13.

16. On April 30, 2015, the Chapter 13 Trustee filed a Motion to Dismiss Case due to Debtor's failure to make plan payments.

17. On May 18, 2015, Trustee Case filed her Response to the Chapter 13 Trustee's Motion to Dismiss Case and requested instead that the case be reconverted to Chapter 7.

18. On June 15, 2015, the Court entered its Order Reconverting the Chapter 13 case back to Chapter 7.

19. On June 29, 2015, Debtor filed a Motion to Reconsider Order Reconverting Case to Chapter 7.

20. On June 29, 2015, Debtor filed an amended Schedule A listing the two additional tracts of real estate however Debtor increased the value of 5102 Hillsboro Hematite Road to $35,000.00. Debtor also filed an amended Schedule B and listed four additional vehicles.

21. On July 14, 2015, the Chapter 13 Trustee filed his objection to the Debtor's Motion to Reconsider and Trustee Case joined in the Chapter 13 Trustee's objection.

22. On August 3, 2015, Debtor withdrew his Motion to Reconsider.

23. Debtor failed to appear at the Meeting of Creditors scheduled for September 22, 2015, and failed again to produce the documents requested in March 2015.

24. On September 23, 2015, Trustee Case filed a Motion to Compel Turnover of Property of the Estate ("Motion to Compel") to request documents regarding the real property, documents regarding the vehicles and Debtor's 2014 tax returns.

25. On October 29, 2015, the Court entered its Order granting the Trustee's Motion to Compel Turnover ("Order") and directing the Debtor to turn over documents regarding (1) Debtor's real estate including a copy of the Deeds, Deeds of Trust, tax assessments, appraisals, mortgage payoff statements and proof of insurance; (2) Certificates of Title for the vehicles; and (3) copies of Debtor's 2014 Federal and State income tax returns (the "Documents").

26. On October 30, 2015, the Debtor filed a Motion to set aside the Order granting the Motion to Compel.

27. On October 30, 2015, Debtor filed an amended Schedule A and decreased the value of 5102 Hillsboro Hematite Road to $10,000.00.

28. On November 3, 2015, the Court denied the Debtor's Motion to set aside the Order granting the Motion to Compel.

29. To date Trustee Case has received some of the Documents listed above in Paragraph 25 including Certificates of Title for Debtor's five vehicles, pictures of the real property located at 5102 Hillsboro Hematite Road, proof of insurance as of August 13, 2015 for 5102 Hillsboro Hematite Road, a Special Warranty Deed for 5102 Hillsboro Hematite Road, and a listing agreement for 12977 Hencher Road for the period March 27, 2015 through March 27, 2016.

30. Debtor stated on amended Schedule A that 5102 Hillsboro Hematite Road is "...not liveable, need (sic) a total rehab. The property also has mold that must be professional (sic) remove" however the insurance policy turned over by Debtor insures the dwelling for $162,500.00, other structures for $16,250.00 and personal property for $89,375.00.

31. Debtor stated on amended Schedule A that 12977 Hencher Road is owned jointly with his sister and has a value of $4,900.00 however the listing agreement turned over by Debtor lists Debtor as the only seller and lists the property for $35,000.00.

32. As of this date the Debtor has not turned over the following Documents: (1) Deed, Deed of Trust, tax assessment, appraisal or mortgage payoff statement for 9742 Highway 21, Hillsboro, Missouri; (2) tax assessment or appraisal for 5102 Hillsboro Hematite Road, De Soto, Missouri; (3) Deed, tax assessment, appraisal or proof of insurance for 12977 Hencher Road, De Soto, Missouri; or (4) Debtor's 2014 tax returns.

33. Trustee Case requires additional time to investigate and to determine if Debtor will comply with Trustee Case's request for turnover of the Documents listed above in Paragraph 32.

34. Trustee Case believes an additional ninety (90) days should provide sufficient time to fully evaluate the matter and determine if an Objection to Discharge/Complaint to Determine Dischargeability or a Motion to Dismiss Case should be filed.

WHEREFORE, Trustee Case respectfully requests that this Court enter an Order Extending the Time for Filing an Objection to Discharge and/or a Complaint to determine Dischargeability of Debt and/or Motion to Dismiss Case by the Chapter 7 Trustee and/or the Office of the United States Trustee to, and including, February 21, 2016, and that the Court award such other and further relief as it deems just.

STONE, LEYTON & GERSHMAN
A Professional Corporation

By: /s/ Janice R. Valdez
Janice R. Valdez
EDMO #42154MO, MO #42154
7733 Forsyth Boulevard, Suite 500
St. Louis, Missouri 63105
(314) 721-7011
(314) 721-8660 Facsimile
jrv@stoneleyton.com

*Attorneys for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via first class, United States mail, postage prepaid and/or electronic notice on November 23, 2015 to:

1. Samuel F. Sorbello                    Debtor
   9742 Hwy 21
   Hillsboro, Missouri 63050

2. Dean D. Meriwether                    Attorney for Debtor
   Law Offices of Dean Meriwether
   3919 Washington Avenue
   St. Louis, Missouri 63108

3. Office of the United States Trustee
   Thomas F. Eagleton Courthouse
   111 South Tenth Street, Suite 6353
   St. Louis, Missouri 63102

/s/ Janice R. Valdez
Janice R. Valdez